\* COLUMBUS V. SARAH SCHNEIDER ET. AL.

**1.** ASSESSMENTS—RES ADJUDICATA.

Actions brought by the proper parties against a city to restrain the collection of a street improvement assessment, submitted upon the issues, and decided against the plaintiffs and the assessment upheld, amount to a conclusive adjudication of the validity of the assessment in an action brought by the city against other parties to enforce the collection of assessments for such improvement.

**2.** SAME—WHEN FORMER ACTION NO BAR.

An action brought by one person against others, in which the city was made a party defendant, on promissory notes and to foreclose a mortgage, in which was litigated and decided the question as to the right of the city to enforce a portion of such assessment assessed against that portion of the frontage which after the improvement had been made was devoted to streets, when decided in favor of the city upon demurrer, cannot be claimed as a bar to an action by the city against other parties to enforce the collection of assessments for such improvement.

**3.** DEMURRER—QUESTIONS RES ADJUDICATA.

Under a petition to enforce the collection of assessments for street improvement, showing that theretofore in a proper proceeding, in a proper tribunal and between the proper parties, the claim set forth was adjudged to be a lien upon the premises described in the petition and that it is unpaid, no question on demurrer can arise as to the validity of the act under which the improvement was made nor in regard to the statute of limitations.

APPEAL from the court of common pleas of Franklin county.

This action was brought by the city of Columbus against the plaintiffs in error, the owners of real estate described in the petition, to enforce the collection of an assessment for the improvement of North High street in said city, and to foreclose an assessment lien as authorized by Secs. 2286, 2287, Rev. Stat., and other sections. The street was improved under provisions of law, commonly known as the "Penn Act." 72 O. L., 153; Sec. 2336, et seq., Rev. Stat.

The agreed statement of facts shows the following:

The city of Columbus is a municipal corporation of the first grade, second class, duly organized under the laws of Ohio. On March 30, 1875, the general assembly passed a law known as the "Penn Act," 72

* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, in 54 Ohio St., 617. See also *ante* 778.

Samuel Hambleton, for defendant in error, in the Supreme Court, cited:

As to general demurrer and special demurrer involving statute of limitations: Sec. 2287, Rev. Stat.; 72 O. L. 153, 167; State ex rel. v. Mitchell, 31 Ohio St., 592; Tone v. Columbus, 39 Ohio St., 281 [48 Am. Rep., 438]; Columbus v. Sohl, 44 Ohio St., 479 [8 N. E. Rep.. 299].

Estoppel and Res adjudicata; Tone v. Columbus, and Columbus v. Sohl, *supra*: Porter v. Wagner, 36 Ohio St., 471; Cramer v. Moore, 36 Ohio St., 347; Zanesville v. Gas L. & C. Co., 1 Circ. Dec., 73 (1 R., 123); Lore v. Truman, 10 Ohio St., 45; Duchess of Kingston's Case, 11 State Trials, 291; Hibbsham v. Dulleham, 4 Watts, 191; Lents v. Wallace, 17 Penn., 412 [55 Am. Dec. 569]; 3 Phillips on Ev., 845; Rogers v. Libbey, 35 Me., 200; Evans v. Beck, 11 Ga., 265; Witte v. Lockwood 39 Ohio St., 141; Maple v. Railroad Co., 40 Ohio St., 313 [48 Am. Rep., 685]; Fox v. Althorp, 40 Ohio St., 322; 21 Am. & Eng. Ency. Law, 184, 187.

Validity of assessment and estoppel *per se*: Lore v. Truman, 10 Ohio St., 45; Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St, 233, 237; Martin v. Roney, 41 Ohio St., 141; Babcock & Co. v. Camp, 12 Ohio St., 11; Hites v. Irvine's Admr., 13 Ohio St., 283; Swensen v. Cresop, 28 Ohio St., 668; Reynolds v. Railway Co., 29 Ohio St., 602.

Public rights—Limitations: 2 Dillon,s Munic. Corp , Secs. 668, 675, 815n; Dist. of Columbia v. W. & G. R. R. Co., 1 Mackey, 361; Sims v. Frankfort, 79 Ind., 446; Elliott v. Williams, 11 Lee (Tenn.), 38; Maize v. Commouwealth, 46 Pa. St., 358; 13 Am. and Eng. Ency. Law, 744, and cases cited; 1 Waite's Actions and Defenses, 788; Bigelow on Estoppel, 59; Colston v. Bishop, 1 Circ. Dec., 257 (1 R., 460).

O. L., 153; Sec. 2336, *et seq.*, Rev. Stat., providing for the improvement of streets and avenues in cities of the second class, and the act had application to the city of Columbus. On June 7, 1875, owners of real estate abutting on North High street petitioned the city council of Columbus for the benefits of the act of March 30, 1875, and that North High street might be improved in accordance with the provisions thereof. On June 21, 1875, the city council did grant the prayer of the petition of the property owners, and did pass an ordinance providing that the roadway should be graded, paved and curbed, under the provisions of the act of March 30, 1875, and provided for the election of five commissioners to control and superintend the improvement under the provisions of that act, and did designate certain owners of property to fix the time and place of holding an election for commissioners, and to act as officers of such election. On July 27, 1875, the persons designated by the ordinance were duly qualified as judges and officers to conduct the election, and fixed the time of holding such election as July 29, 1875. In pursuance of that notice, an election was duly held as required by law, and within ten days thereafter, the officers of said election returned to the city clerk a list of the voters at the election, the ballots cast and the number of votes cast for the persons voted for and their certificate, duly certifying to the election of five commissioners therein named. Sections 3 and 4, 72 O L., 153, 154; Secs. 2338-2342, Rev. Stat.

Each of the commissioners so elected, within ten days after their election, met as required by law and elected one of their number as president and a secretary, and duly organized and accepted said office as commissioners, and did determine the kind and description of pavement to be used, and did make and enter into contracts, in the name of the city of Columbus, for furnishing the material, grading, curbing and improving the roadway of said street, and did superintend and control the work during its progress. Section 6, 72 O. L., 154; Sec. 2346, Rev. Stat.

When the improvement was completed the commissioners ascertained the cost of the improvement, and caused a plat of the street to be prepared, showing the separate lots of ground fronting or abutting thereon and the names of the several owners and estimated the cost of the improvement, but refused to assess the cost upon the abutting real estate. Thereupon the city of Columbus caused mandamus proceedings to be instituted in the Supreme Court of Ohio against the said commissioners to require and compel them to complete the apportionment and assessment in accordance with the terms of said act, and on the hearing of that cause, mandamus was duly awarded, requiring commissioners to complete their apportionment and assessment as prayed for, as appears from said cause as reported in the case of State ex rel. v. Mitchell, 31 Ohio St., 592.

In compliance with the commands of the decree in the Mitchell case and of the said act of the general assembly, the commissioners did complete said apportionment and assessment and filed the same with the city clerk, and did deliver a copy of said plat and schedule to the auditor of the county in which said city is situated, as required by law. Section 17, 72 O. L., 156; Sec. 2357, Rev. Stat. The cost and apportionment of said assessment, when made, was the sum of $7.17 2-10 per foot front on each side of the street so improved.

The assessment was duly placed upon the duplicate of the county, and become payable at the office of the county treasurer in seven equal installments, with interest at seven per cent., upon the unpaid portion

thereof. The first installment, with interest on the whole amount at seven per cent., became due and payable at the semi-annual payment of taxes, falling due after August 1, 1876. The others fell due annually thereafter, with interest on the installments not due at the time, until all fell due and became payable. Section 18, 72 O. L. 156; Sec. 2858, Rev. Stat.

At the time North High street was improved and the assessment made, Margaret E. Patterson was the owner in fee simple of a parcel of land described in the petition in this case, with a frontage of 265 feet. At the time the street was improved Anna M. Woodruff was the owner in fee simple of a parcel of land, fully described in the petition in this case, abutting on the street so improved, with a frontage of 363.83 feet. Prior to October 16, 1883, George Williams became the owner in fee simple of the two parcels of land owned by Margaret E. Patterson and Anna M. Woodruff aforesaid as their grantee, and subdivided the same into city lots and designated the addition as "Mt. Auburn addition to the city of Columbus, Ohio." At the time Williams became the owner of the Patterson land he made, executed and delivered to Patterson a mortgage securing part of the purchase money, that appears of record prior to the plat of subdivision. Afterward Williams conveyed to William H. Innis lots Nos. 56, 57, 58, 59, 60, 61, 62, 104 and 105 of Mt. Auburn addition, all of which lots front and abut on North High street, and have a depth of 187½ feet. Lots Nos. 56, 57 and the back corner of 58, fronting on High street for a distance of 117.88 feet, were platted from the lands belonging to Margaret E. Patterson, and lot No. 58, excepting the corner off of the back part thereof, and lots Nos. 59, 60, 61, 104 and 105, fronting on High street for a distance of 383.40 feet, were platted from the lands belonging to Anna M. Woodruff.

On February 16, 1890, William H. Innis died testate and his last will and testament was duly admitted to probate, and Adam G. Innis was duly appointed and qualified as his executor and entered upon the discharge of the trust. By the terms and provisions of that last will and testament, the plaintiffs in error became the owners in fee simple of the lots so owned by their father.

On July 15, 1875, Anna M. Woodruff commenced an action in the court of common pleas of Franklin county, Ohio, against the city of Columbus et al., and on December 16, 1878, Margaret E. Patterson commenced an action in the same court against the city of Columbus et al.

In Woodruff v. Columbus et al., the petition shows the passage of the ordinance under which North High street was improved; that the improvement was made under the "Penn Act," 72 O. L., 153, the rate of the assessment per foot front and the aggregate amount of the assessment; that she was the owner of the real estate against which the assessment in controversy rests, and asserted that the assessment was wholly invalid, for reasons in her petition stated. After the decree was entered in that case, it was appealed to the district court, and on March 3, 1884, the case, with others, was referred to a master commissioner who was directed, among other things, to ascertain "which one or more of said plaintiffs in the several actions signed the petition to the city council of Columbus for the said improvement of said High street under the act aforesaid." Upon a hearing of that case before the master he made findings, in substance, as follows:

"The following plaintiffs signed the petition to the council for the improvement of said street: Anna M. Woodruff, Z. F. Guerin. * * *

Said several plaintiffs are liable for the assessment upon the said lots of land owned by them, respectively." Upon the consideration of that report, the court made entry as follows:

"And it is by the court ordered that said report of the master, as hereinbefore modified, and all the matters and things therein contained be, and they are hereby approfied and confirmed, and that the findings of said master, as hereinbefore modified, do stand as the findings of this court, to each and all of which orders the plaintiff excepted.

"And the court find upon the same issues joined, that the equities are with the defendants, to which finding the plaintiff excepted. It is, therefore, ordered, adjudged and decreed that the petition of the plaintiff herein be and is hereby dismissed."

In Patterson v. Columbus et al., the petition shows the passage of the ordinance under which North High street was improved, and that the improvement was made under the "Penn Act," 72 O. L., 153, Sec. 2336, *et seq*, Rev. Stat., the rate of the assessment per foot front, the aggregate amount of the assessment, and that she was the owner of the parcel of land on which the assessment rests, that is in controversy in this case, and asserted that the assessment was wholly invalid for reasons in her petition stated.

At the April term, 1884, the case was referred, with other cases, to a master commissioner for the purpose, among others, of finding which one or more of the plaintiffs petitioned the city council for the improvement of High street under the act of March 30, 1875. Upon a hearing of the case before the master he did find and report, among other things, as follows:

"The following named plaintiffs signed the petition to the council. * * * Margaret E. Patterson. * * * The undersigned finds that the said several plaintiffs who signed the petition to the council for said improvement, or whose grantors signed said petition, are liable for said several assessments upon the land owned by them respectively. Also, that said several plaintiffs voted at the election for commissioners, or whose grantors voted, are liable for said assessments upon the land owned by them, respectively."

Upon the consideration of that report, the court made entry as follows:

"It is by the court ordered that said report, as hereinbefore modified, and all the matters and things therein contained be, and they are hereby approved and confirmed and that the findings of the said master, as hereinbefore modified, do stand as the findings of the court. * * *

"It is considered, adjudged and decreed by the court that the assessment mentioned in the petition, on the property described in the petition for the improvement of North High street, is a valid and subsisting lien on said premises, and that the petition of the said plaintiff herein be and is hereby dismissed at the costs of said plaintiff."

On May 7, 1885, Margaret E. Patterson commenced an action against George Williams, Jr., William H. Innis et al., in the court of common pleas, Franklin county, Ohio, to recover judgment on two certain promissory notes made by George Williams, Jr., and to foreclose a mortgage securing the same.

On September 25, 1885, Patterson filed an amended petition therein, in which she asked judgment against Williams, and for a decree and order of sale, foreclosing the purchase money mortgage from Williams to her, that is hereinbefore referred to.

On June 6, 1885, William H. Innis filed his answer and cross-petition in the case last mentioned, in which he sets forth a certain indemnity mortgage that was executed and delivered to him by George Williams, Jr., indemnifying him against loss on account of the North High street assessment resting upon lots then owned by Williams, and then conveyed by him to William H. Innis, asking for a foreclosure of the same and for other relief.

On April 9, 1886, George Williams, Jr., filed his answer and cross-petition, joining issue with William H. Innis on his answer and cross-petition.

After the death of William H. Innis the case was revived in the name of Adam G. Innis, as executor, and on October 16, 1891, the cause was submitted to the court upon the issues joined between the defendants, William H. Innis and George Williams, Jr., and the court did find that on February 26, 1884, Williams, then being the owner, conveyed to William H. Innis lots 56-61, 104 and 105 of Mt. Auburn Addition, and that said deed of conveyance contained covenants of general warranty, and that the premises were free and clear from all incumbrances whatsoever. Prior to the date of said conveyance North High street, on which said lots abut, had been improved, and the costs and expenses thereof assessed upon the abutting property, attaching as a lien on August 1, 1876, and among other parcels, the assessment attached upon lot No. 10 of Chaffee's subdivision, being the same parcel theretofore owned by Margaret E. Patterson, and also a certain other tract of land abutting on High street, with a frontage of 383.46 feet, theretofore owned by Anna M. Woodruff. Both of the parcels enter into and make a part of lots Nos. 56-61, 104 and 105 of Mt. Auburn addition. And in order to indemnify the said Innis against loss, Williams had executed and delivered to Innis the mortgage deed alluded to in the answer and cross-petition of Innis, and then proceeded with a finding in the following language:

"The court now finds that said assessment, commonly known as the "North High Street Paving Assessment," did attach as a lien on said lots so conveyed by the defendant, George Williams, Jr., to William H. Innis, and that no part of said assessment has been paid, and that there now stands on the tax duplicate of Franklin county, Ohio, charged as an assessment against a portion of said lot 10 in Chaffee's subdivision, of which lots 56 and 57 of George Williams, Jr.'s, said subdivision forms a part, the sum of $1,263.68, with 7 per cent. interest thereon from August 1, 1876, to October 16, 1891, amounting to $1,345.07, making a total of $2,608.75. And on said parcel, taxed in the name of Anna W. Woodruff aforesaid, of which parcel said lots Nos. 58, 59, 60, 61, 104 and 105 of George Williams, Jr.'s, subdivision aforementioned form a part, the sum of $2,752.60, with 7 per cent. interest thereon from August 1, 1876, to October 16, 1891, amounting to $2,930.37.

The total amount of said assessment, with interest, now standing on the tax duplicate, amounts to the sum of $8,291.72, no part of which has been paid."

To pay for said improvement the city of Columbus, on the first day of August, 1876, issued bonds and converted the same into money, and from the proceeds thereof paid the cost and expense of the improvement, the city to be reimbursed out of the assessment.

No part of said assessment on the lands in controversy has been paid.

STEWART, J.

This case has been submitted to us upon an agreed statement of facts and the pleadings, and the only questions remaining to be determined are:

First. Were the decisions made in the case of Woodruff v. Columbus and Patterson v. Same, adjudications upon the issues presented, and

Second. Was the decision in the case of Patterson v. Williams an adjudication against the city, which precludes its obtaining a judgment here.

The question as to the statute of limitations set out in the answer and the rights and privileges of the parties under the "Penn Act,"as that act has been construed by the Supreme Court, were examined by us and decided upon the demurrer to the petition and we are still of the opinion that they do not constitute any defense to plaintiff's claim. See *ante*, 000.

As to the first question: Both these cases were brought to restrain the treasurer from collecting these assessments and the final entries show, not a dismissal of the action, but a submission upon the issues, a finding against the plaintiffs and a dismissal of their petitions. This was an adjudication and being unreversed, is conclusive.

As to the second question: Nowhere in the suit of Patterson v. Williams was the validity of this assessment challenged except in the supplement and amendment of George Williams, Jr., to his answer and cross-petition, filed November 28, 1887, and in that only as to the right of the city to enforce that portion of the same, assessed against the portion of the frontage, which after the improvement had been devoted to streets. For the purpose of testing this question and this question only, the city was made a party and its demurrer to this claim was sustained. On the other hand, Williams, the grantor of Wm. H. Innis, and Wm. H. Innis the immediate ancestor of these defendants, averred its validity and called upon the court to order the same paid, though contending as to who was responsible for its non-payment; and in its finding made on the cross-petition of said Innis, the court expressly held it to be a valid and subsisting lien on these lots, stated the amount of the same, and granted to said Innis an order of sale upon the mortgage given by Williams to him to indemnify him against this very assessment, and property to the amount of over $1,400 was sold under that order.

This was an adjudication in favor of the lien rather than against it.

As it is nowhere claimed in the record that any part of this assessment has been paid it follows that the plaintiff is entitled to a decree for the amount of the same and an order to sell the premises in case of non-payment.

The tax duplicate shows the following amounts as due:

Lot 56............................................................................ $1312 35
Lot 57............................................................................ 823 54
Lot 58............................................................................ 823 54
Lot 59 ............................................................................ 823 54
Lot 60 ............................................................................ 823 54
Lot 61............................................................................ 533 43
Lot 105............................................................................ 823 54
Lot 104............................................................................ 1349 75

Total........................................................................ $7313 23

As these figures are different from those set out in the petition they may be subject to correction.

The petition also claims that five per cent. penalty should be added, but as no authority has been cited for making this addition, we will not decide whether it should attach or not, until counsel have an opportunity to express their views.    The decree will be for the plaintiff in conformity to the foregoing decision.